UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRISELDA DEL CARMEN GARCIA MARISCAL,<br>Petitioner,<br>v.<br>WARDEN, Adelanto Detention Facility, et al.,<br>Respondents. | Case No. 5:26-cv-6777-RAO<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |

## I. Introduction

On November 11, 2026, the Court received from Petitioner Griselda Del Carmen Garcia Mariscal ("Petitioner"), represented by counsel, a petition for writ of habeas pursuant to 28 U.S.C. § 2241 ("Petition"). Dkt. No. 1 ("Pet."). The Petition challenges Petitioner's current immigration detention. *See generally* Pet. On November 13, 2026, Petitioner filed an emergency ex parte Application for Temporary Restraining Order ("TRO Application"), seeking to prevent Petitioner's removal from the United States. Dkt. No. 7. The TRO Application states that Petitioner was removed to an immigration detention facility in El Paso, Texas, on November 11, 20226, the date she filed the instant

action. *Id.* On November 17, 2026, Petitioner filed a status report. Dkt. No. 9. The report states that Petitioner has been moved to the South Texas Family Detention Center in Dilley, Texas. *Id.* It also states that Petitioner no longer faces a threat of imminent removal. *Id.*

On November 12, 2026, the Court issued General Order (GO) 26-05. Dkt. No. 6. According to GO 26-05, Respondents were required to file a response to the Petition by no later than November 19, 2026. *Id.* Respondents did not file a response by this deadline. On November 21, 2026, Petitioner filed a Request for Ruling on Unopposed Petition. Dkt. No. 10.

Because Petitioner is no longer in the Central District of California, the Court concludes that it lacks habeas jurisdiction and thus dismisses the action without prejudice.

## II. Discussion

"Federal courts are always under an independent obligation to examine their own jurisdiction, and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (*per curiam*) (internal quotation marks and citation omitted). For "core habeas petitions challenging present physical custody, jurisdiction lies in only one district: the district of confinement" where both the petitioner and his immediate custodian are within the court's territorial reach. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024) ("[W]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." (internal quotation marks omitted)). Petitioner is currently detained in Dilley, Texas, which is located in Frio County.[1] Frio County is

[1] Petitioner was transferred the same day she initiated this action (November 11, 2026) and before GO 26-05 was issued in this matter. On the record before

within the territorial boundaries of the Western District of Texas and thus jurisdiction lies in that district. *See* 28 U.S.C. § 124(d)(4).

Pursuant to 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . ." This statute applies in habeas proceedings. *See Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001); *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990); *see also Muth*, 676 F.3d 815 ("If the district court construes the filing as a § 2255 motion and concludes that it therefore lacks jurisdiction, it may transfer the case to the appropriate district.").

"Transfer is appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera*, 245 F.3d at 1074 (citing *Kolek v. Engen,* 869 F.2d 1281, 1284 (9th Cir. 1989)). The Court has considered transfer to avoid unnecessary delay, but concludes transfer is not appropriate because the transferee court (the Western District of Texas) could not have exercised jurisdiction at the time this case was filed. Accordingly, the Court dismisses this matter without prejudice.

///

///

///

///

///

///

---

the Court, there is no evidence that Respondents violated paragraph 6 of GO 26-05.

## III. CONCLUSION

Based on the foregoing, IT IS ORDERED that this action is dismissed without prejudice.

DATED: November 23, 2026

_______________/s/_________________
HONORABLE ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE